# NO. 12-20-00026-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PERCY ABSHIRE,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *MELANIE ABSHIRE,* *APPELLEE* | § | *SAN AUGUSTINE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

On January 28, 2020, Percy Abshire filed a notice of appeal from a judgment signed on October 24, 2019.

Under the rules of appellate procedure, the notice of appeal must be filed (1) within thirty days after the judgment is signed absent a timely filed post judgment motion, or (2) within ninety days after the judgment is signed if a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under Rule 165a, or request for findings of fact and conclusions of law that are either required by the rules or, if not required, could be properly considered by the appellate court. *See* TEX. R. APP. P. 26.1(a). Here, Appellant filed a motion for new trial on November 20, making his notice of appeal due on or before January 22, 2020. Appellant filed his notice of appeal on January 28, without a motion for extension of time.

On January 28, this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. However, Appellant was further notified that, pursuant to Rule 26.3 and ***Verburgt v. Dorner***, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Appellant that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Appellant that the appeal would be dismissed unless on or before February 7, Appellant informed this Court, in

writing, of facts that reasonably explained his need for an extension of time to file the notice of appeal. The deadline for responding to this Court's notice expired without a response from Appellant.

Additionally, a party who is not excused by statute or the appellate rules from paying costs must pay--at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5. An appellate court may enforce Rule 5 by any order that is just. *Id*. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

On January 28, 2020, the Clerk of this Court notified Appellant that the filing fee in this appeal is due. *See* TEX. R. APP. P. 5. Appellant was informed that failure to remit the filing fee on or before February 7 would result in the Court's taking appropriate action, including dismissal of the case without further notice. *See* TEX. R. APP. P. 42.3(c). The date for remitting the filing fee passed, and Appellant has not paid the fee or otherwise shown that he is excused from paying the fee.[1]

Because Appellant failed, after notice, to comply with Rules 5, 26.1, and 26.3, the appeal is ***dismissed***. *See* TEX. R. APP. P. 42.3(c).

Opinion delivered February 12, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] The case information sheet provided by the San Augustine County District Clerk's Office reflects that Appellant has not been declared indigent.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 12, 2020**

**NO. 12-20-00026-CV**

**PERCY ABSHIRE,**
Appellant
V.
**MELANIE ABSHIRE,**
Appellee

Appeal from the 273rd District Court

of San Augustine County, Texas (Tr.Ct.No. D-14-5407)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*